# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANEAN OWENS, | |
| Plaintiff, | Civ. No. 17-7159 (PGS-LHG) |
| v. | |
| BRIAN AMBROISE, et al., | MEMORANDUM |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendants New Jersey Department of Corrections ("NJDOC"), Edna Mahan Correctional Facility ("EMCF"), Gary Lanigan, and Officer J. Perez. (ECF No. 25). Plaintiff Janean Owens opposes the motion. (ECF No. 26). For the following reasons, the motion is granted in part. All claims against the NJDOC, EMCF, and the individual defendants in their official capacities are dismissed with prejudice. The amended complaint shall proceed against the individual defendants in their individual capacities.

## II. BACKGROUND

Plaintiff is a prisoner in EMCF, a correctional facility for women operated by the NJDOC. (ECF No. 9 ¶¶ 6-7). Gary Lanigan is the former Commissioner of the NJDOC.[1] (*Id.* ¶ 9). Plaintiff filed a complaint alleging she was sexually assaulted and harassed by EMCF corrections officers while incarcerated at EMCF. (*Id.* ¶¶ 19-46). She also alleges she was

---

[1] The Court takes judicial notice of the fact that Lanigan retired from the NJDOC earlier this year.

retaliated against when she filed a complaint with the administrator of the facility about the assaults. (*Id.* ¶¶ 47-53). Plaintiff asserts she "received unjustified discipline from Defendant J. Perez, wherein she lost recreation privileges for 5 days, despite the fact that Plaintiff had not acted improperly. This discipline was in retaliation for Plaintiff's complaints." (*Id.* ¶ 51).

Plaintiff further alleges there was "[a] pattern and practice . . . in the EMCF where sexual assault is prevalent and frequently perpetrated by corrections officers on inmates, with the knowledge and acquiescence of EMCF and/or its administrators . . . as well as with the knowledge and acquiescence of the Department of Corrections and/or its policymakers and administrators, including but not limited to Defendant Lanigan." (*Id.* ¶ 54). She alleges at least sixteen (16) other women have been assaulted by EMCF officers within the past five years, (*id.* ¶ 56), and "at least five (5) EMCF officers and/or employees were fired and/or criminally indicted over the past three (3) years over claims of sexual abuse . . . ." (*Id.* ¶ 57). According to Plaintiff, the EMCF falsely reported and/or under-reported cases of sexual abuse of inmates by officers "for several years[.]" *Id.* ¶ 58. Plaintiff asserts her injuries were the result of deficient policies and customs "related to training, supervision, reporting, investigations, and/or sexual assault of inmates" and failure of supervisors to train and supervise their subordinate "Defendant Corrections Officers with regard to assault, sexual assault, battery, use of force, deliberate indifference and/or punishment of inmates, as well as the handling of complaints of sexual assault and/or retaliation against inmates who make said complaints." (*Id.* ¶¶ 74-75).

The Amended Complaint raises six claims alleging violations of the First, Fifth, Eighth, and Fourteen Amendments to the United States Constitution brought under 42 U.S.C. § 1983; violations of the New Jersey Civil Rights Act ("NJCRA"), N.J. STAT. ANN. § 10:6-2; and

violations of the New Jersey Law Against Discrimination ("LAD"), N.J. STAT. ANN. § 10:5-1 et. seq.

Defendants NJDOC, Lanigan, EMCF, and Perez move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25). Plaintiff opposes the motion. (ECF No. 26). The matter is now ripe for decision. Fed. R. Civ. P. 78(b).

### III.  LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Defendants assert Plaintiff's claims against the NJDOC and the individual defendants in their official capacities are barred by the Eleventh Amendment. The Court agrees.

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The NJDOC, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff may not bring a suit against the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court. *Id.* at 66. Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983,[2] *see id.*, and New Jersey clearly does not consent to Plaintiff's suit.

The State likewise cannot be sued in federal court on Plaintiff's LAD claims. "This Court has no jurisdiction to hear supplemental state-law claims against sovereign entities absent consent by the entity to suit in federal court." *Garcia v. Richard Stockton Coll. of New Jersey*,

---

[2] "The New Jersey Civil Rights Act (hereinafter "NJCRA") was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. . . . This district has repeatedly interpreted NJCRA analogously to § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases).

4

210 F. Supp. 2d 545, 550 (D.N.J. 2002). "[I]n order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the state's intention to subject itself to suit in *federal* court . . . ." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded on other grounds* (emphasis added). "Although NJLAD clearly identifies the State as a potential defendant, N.J. STAT. ANN. § 10:5-5(e), and authorizes private suits 'in Superior Court,' N.J. STAT. ANN. § 10:5-13, the State is immune to NJLAD claims in federal court." *Id. See also College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation."). Thus, while Plaintiff would not be prohibited from filing a LAD claim against the State in a state court, she may not proceed in federal court. The LAD claims against the State and its alter egos will be dismissed.

**B. Persons Subject to Suit Under § 1983**

In addition to having Eleventh Amendment immunity, neither the NJDOC nor EMCF are "persons" subject to liability under 42 U.S.C. § 1983. In order to set forth a prima facie case under § 1983, a plaintiff must show: "(1) a person deprived [her] of a federal right; and (2) the person who deprived [her] of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). A State, agency, or an official of the State acting in his or her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will*, 491 U.S. at 109. Prisons are also not considered "persons" under § 1983. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp.

537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). All claims against EMCF will be dismissed with prejudice.

**C. Lanigan's Supervisory Liability**

Defendants also argue that Plaintiff has failed to state a claim for Lanigan's personal liability. They argue the claims in the amended complaint are premised on an impermissible respondeat superior theory of liability and do not plausibly allege policy or practice liability.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Rather, state actors are liable only for their own unconstitutional conduct. With this principle in mind, we have previously identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). "The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.*

Plaintiff has sufficiently alleged defendant Lanigan's personal liability under both theories. She has identified a supervisory policy or practice that Lanigan failed to employ, and provided sufficient facts that, if true, would show: "(1) the policy or procedures in effect at the

6

time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." *Barkes*, 766 F.3d at 317 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). She also has alleged Lanigan created policies and/or customs related to hiring and training that directly caused her injuries. The claims against Lanigan in his individual capacity shall proceed.

## V. CONCLUSION

For the reasons stated above, the motion is granted in part. All claims against the NJDOC, EMCF, and the individual defendants in their official capacities are dismissed with prejudice. The amended complaint shall proceed against the individual defendants in their individual capacities.

An appropriate order follows.

DATED: 10/16, 2018

PETER G. SHERIDAN
United States District Judge