# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANEAN OWENS,<br><br>        *Plaintiff*,<br><br>v.<br><br>BRIAN AMBROISE, *et al.*,<br><br>        *Defendants.* | Civil Action No.: 17-cv-7159 (PGS)(LHG)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant Jason D. Mays' ("Mays") motion to stay this litigation while his criminal charges, emanating from the same underlying incident as the present action, are pending on appeal before the New Jersey Superior Court, Appellate Division. (ECF No. 50).[1] For the reasons stated herein, Mays' motion is denied.

## I.

On July 26, 2018, Mays was sentenced in New Jersey state court to sixteen years' imprisonment for official misconduct, a pattern of official misconduct, sexual assault, and criminal sexual assault after a jury trial. (Mays' Moving Br. at 2, ECF No. 50-1). The criminal charges arose "out of the same alleged incident as [this] civil matter." (*Id.*). On September 24, 2018, Mays appealed his conviction and sentence to the New Jersey Superior Court, Appellate Division, on the grounds that the trial court imposed an "excessive sentence and the verdict [was] not . . . a result of a fair trial." (*See id.*). Mays' appeal is currently pending.

---

[1] The other remaining defendants in this matter, Gary Lanigan, Joselito Perez, and William Anderson, "take no position on whether a stay should be granted." (ECF No. 54).

1

As background, Plaintiff Janean Owens ("Plaintiff"), an inmate in the Edna Mahan Correctional Facility ("EMCF"), brought this action against Defendants State of New Jersey Department of Corrections ("NJDOC"), EMCF, Warden William Anderson, Warden William Hauck, Officer Brian Ambroise, Officer Joselito Perez, Mays, and NJDOC Commissioner Gary J. Lanigan alleging that she was sexually assaulted, harassed, retaliated against, and subjected to a pattern and practice of such conduct by EMCF corrections officers.[2] (Pl. Opp. Br. at 1, ECF No. 60; *see also* Amended Compl., ECF No. 9). As a result, Plaintiff alleges violations of the First, Fifth, Eighth, and Fourteen Amendments of the U.S. Constitution as brought under 42 U.S.C. § 1983; violations of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-2; and violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1 *et. seq.*

Regarding Mays specifically, Plaintiff alleges that while he was a corrections officer at EMCF, Mays made repeated sexual "passes" at her, which ultimately led to Plaintiff's acquiescence in sexual acts with Mays out of fear of retaliation. (Pl. Opp. Br. at 2). After Plaintiff reported Mays' misconduct to prison officials, she was allegedly retaliated against by, *inter alia*, being "unjustifiably written up in 2014 and forced to remain in the North Hall television room for 12 hours . . . . [where] Plaintiff was not given access to a restroom . . . and was forced to urinate on the floor. (*Id.* at 3).

In the present motion, Mays seeks a stay of the present action until his criminal appeal is resolved, arguing, *inter alia*, that having this matter proceed will purportedly make discovery "extremely complicated" and "Mays [also] does not want to make any self-incriminating

---

[2] On October 16, 2018, the Court dismissed NJDOC and EMCF as defendants in this action, but permitted Plaintiffs' claims as interposed against the individual defendants in their personal capacities to proceed. (ECF No. 29).

2

statements that may materially affect the outcome of the criminal action, which, in turn, could affect [his] potential freedom and liberty." (Moving Br. at 2).

## II.

"A stay is not constitutionally required when a civil action overlaps with a pending criminal proceeding, but 'may be warranted in certain circumstances.'" *In re Valeant Pharm. Int'l, Inc., Sec. Litig.*, No. 15-7658, No. 15-7658, 2019 WL 1578677, at *4 (D.N.J. Apr. 12, 2019) (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)). Indeed, "[t]he stay of a civil proceeding is an extraordinary remedy and is not favored." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "However, a court has the discretion to stay a case if the interests of justice so require." *Id.* (citation omitted).

Courts generally consider six factors in deciding whether to grant a stay of a civil action while a criminal action is pending, including:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Walsh*, 7 F. Supp. at 527. Here, the Court finds that these factors weigh against granting a stay. In particular, the Court finds the status of Mays' criminal case to weigh against a stay. As stated above, Mays has already been convicted and the appellate record for consideration is closed. And while his verdict and sentence are presently on appeal, "courts generally do not grant a stay in an overlapping civil case while the related criminal case is on appeal because 'there is only a mere possibility that a successful appeal might lead to a new trial that could require invocation of a defendant's Fifth Amendment rights." *Valeant*, 2019 WL 1578677, at *4 (citation omitted).

3

Moreover, because the "appeal process is an uncertain, potentially long-ranging, process . . . only unusual circumstances would justify an order staying a post-conviction civil proceeding." *Id.* (citation omitted). Here, Plaintiff, the Court, and the public all share the same interest in expeditiously resolving this case. For these reasons, among others, the Court finds that a stay is not warranted.

The Court recognizes Mays' constitutional rights as a criminal defendant. As such, the discovery process should consider same. The magistrate judge should oversee discovery in such a light.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 6th day of November, 2019,

**ORDERED** that Mays' Motion to Stay (ECF No. 44) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Order to Mays.

_____
PETER G. SHERIDAN, U.S.D.J.